**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| HECTOR MIGUEL SALVADOR TECUN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 5:26-CV-00366 |
| | § | |
| PAMELA BONDI, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Hector Miguel Salvador Tecun's ("Petitioner") Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 24), challenging the lawfulness of his detention by Immigration and Customs Enforcement ("ICE") officials with the Department of Homeland Security ("DHS").

For the following reasons, Petitioner's Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 24), is **GRANTED**.

## Background

**A. Factual Background**

Petitioner is a 19-year-old citizen and national of Guatemala. (Dkt. 24 at 14–15; Dkt. 26 at 2.) Petitioner's father was murdered when he was a child, and he was later abandoned by his mother at age 12. (Dkt. 24 at 14, Attach. 1 at 2.)[1] He came to the United States as an unaccompanied child in May of 2022 when he was 15 years old. (*Id.* at 14–15; Dkt. 26 at 2.) Petitioner was detained by immigration officials shortly after he entered the United States and then transferred to the custody

---

[1] The Court will use "Attachment" to refer to sub-filings in accordance with official docket entries. The Court will use the page numbers auto-generated by CM/ECF in citations to the docket entries.

of the Office of Refugee Resettlement ("ORR") because he was classified as an Unaccompanied Alien Child ("UAC") at the time of his apprehension. (*See* Dkt. 24 at 10; Dkt. 26 at 2.) ORR subsequently released Petitioner from custody to live with his sister while his immigration proceedings remained ongoing. (*See* Dkt. 24 at 16, Attach. 1 at 8; Dkt. 26 at 2.) Petitioner began attending high school in Albany, New York and began the process of applying for Special Immigrant Juvenile Status ("SIJS"). (Dkt. 24 at 16, Attach. 1 at 2–6, 11.)

Immigration officials redetained him in November of 2024 when he was 17 years old, transferred him to ORR custody, and then released him into the care of his sibling on December 21, 2024. (*See id.* at 16, Attach. 1 at 17.) About six months later, Petitioner was redetained by immigration officials for a third time on July 13, 2025, when he was 18 years and 5 months old. (*See id.* at 16, Attach. 1 at 19–21; Dkt. 26 at 2.) Because he was over 18 years of age, he was taken to the Rio Grande Detention Center in Laredo, Texas where he currently remains detained. (Dkt. 24 at 16.)

The Government asserts that Petitioner is detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Dkt. 26 at 2.) Accordingly, an IJ denied Petitioner's request for a custody redetermination hearing after determining that he is ineligible for a bond pursuant to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). (Dkt. 9, Attach. 4; Dkt. 24 at 17, Dkt. 26 at 2.) Petitioner also applied for asylum before the immigration court and an Immigration Judge ("IJ") granted DHS's motion to pretermit Petitioner's asylum application after finding him to be subject to an Asylum Cooperative Agreement ("ACA") with Honduras on October 30, 2025. (Dkt. 24 at 16–17, Attach. 1 at 23–26; Dkt. 26 at 2.) He has appealed the IJ's decision to the Board of Immigration Appeals ("BIA") and his appeal remains pending as of the date of this Order. (*See*

Dkt. 24 at 17, Attach. 1 at 28–40; Dkt. 26 at 2.) Petitioner has now been in custody at the Rio Grande Detention Center for approximately 12 months. (*See* Dkt. 24 at 16; Dkt. 26 at 2.)

## B. Legal Background

On February 6, 2026, the United States Court of Appeals for the Fifth Circuit addressed the dispute over the statutory interpretation of 8 U.S.C. § 1225(b)(2)'s mandatory detention provision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) ("*Buenrostro-Mendez*"). In the precedential decision, the Fifth Circuit determined that noncitizens apprehended in the interior who entered without inspection are "applicants for admission" subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and therefore are not entitled to bond hearings under 8 U.S.C. § 1226(a). *Id.* at 498. The decision was limited to the statutory interpretation of the applicable provisions and left unresolved other claims brought by petitioners challenging their mandatory detention, including constitutional questions under the Due Process Clause. *Id.* at 508. Subsequently, on July 2, 2026, the Fifth Circuit issued a decision in *Sosnava Rodriguez v. Ortega*, 2026 WL 1906557 (5th Cir. July 2, 2026) ("*Sosnava Rodriguez*"), holding that noncitizens detained under 8 U.S.C. §1225(b)(2)(A) may not be detained for longer than ninety days without a bond hearing based on constitutional concerns. On July 10, 2026, the Fifth Circuit issued an *en banc* rehearing order on its own motion. *Sosnava-Rodriguez v. Ortega*, No. 26-50183, Dkt. No. 174-1 at 3 (5th Cir. July 10, 2026). The Fifth Circuit also vacated the July 2, 2026, ruling in *Sosnava Rodriguez*. *Id*. At this time, therefore, *Sosnava Rodriguez* is pending a ruling by the Fifth Circuit sitting *en banc*.

## C. Procedural Background

Petitioner filed his original Petition for Writ of Habeas Corpus on March 11, 2026. (Dkt. 1.) The Court ordered Respondents to respond to Petitioner's petition on or before March 19, 2026.

(Dkt. 6.) Respondents timely filed a response and Motion for Summary Judgment addressing Petitioner's claims and asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (Dkt. 9.) Upon referral from the Court, Petitioner retained counsel to represent him in his habeas proceedings. Petitioner filed an Amended Petition for Writ of Habeas Corpus on June 11, 2026. (Dkt. 24.) In his amended petition, Petitioner argues that his detention under 8 U.S.C. § 1225(b)(2) violates the Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA") and procedural and substantive due process under the Fifth Amendment to the Constitution. (Dkt. 24 at 35–37.) He also preserves an alternative claim that he is eligible for a bond under 8 U.S.C. § 1226(a). (*Id*. at 22–23.) Petitioner asks the Court to order his immediate release from ICE custody under the same conditions that existed prior to his detention. (*Id.* at 38.)

Respondents filed a response to Petitioner's Amended Petition for Writ of Habeas Corpus and Motion to Dismiss, or in the alternative Motion for Summary Judgment, (Dkt. 26), again asserting that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in light of the decision in *Buenrostro-Mendez*. Petitioner subsequently filed a reply, (Dkt. 27), arguing that *Buenrostro Mendez* does not control this case because Petitioner is a former UAC and thus cannot be lawfully detained pursuant to § 1225(b)(2). (*Id.* at 9–11.)

While Petitioner's case was pending, the Fifth Circuit issued its decision in *Sosnava Rodriguez*, and the Court ordered the parties to submit supplemental briefing addressing what effect, if any, *Sosnava Rodriguez* has on the due process claims raised in Petitioner's amended habeas petition. (Dkt. 28.) On July 9, 2026, Respondents submitted a supplemental brief, (Dkt. 29), informing the Court that "Federal Respondents acknowledge that Petitioner has been detained for longer than ninety days and that, under *Sosnava Rodriguez*, the Government cannot continue to detain Petitioner under 8 U.S.C. § 1225(b)(2)(A) without a bond hearing." (*Id.* at 1.) The following day,

4 / 7

on July 10, 2026, the Fifth Circuit issued the *en banc* rehearing order and vacated the decision. *Sosnava-Rodriguez v. Ortega*, No. 26-50183, Dkt. No. 174-1 at 3 (5th Cir. July 10, 2026).

### Discussion

The Court now turns to the merits of Petitioner's claims that his ongoing detention by immigration authorities is unlawful. The Government asserts that Petitioner is lawfully detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2) in accordance with *Buenrostro-Mendez*. (Dkt. 26 at 2.) Even assuming that the Government's position is correct and Petitioner is properly subject to detention pursuant to § 1225(b)(2), his redetention by immigration authorities violates procedural due process.[2]

Petitioner's procedural due process claim presents nearly identical legal questions to those previously considered by the Court in *Bonilla Chicas v. Warden*, 2026 WL 539475, at *1 (S.D. Tex. Feb. 20, 2026) and *Strunin v. Garcia*, 2026 WL 958952, at *1 (S.D. Tex. Mar. 3, 2026), in which the Court determined that the petitioners' detention by ICE violated their rights under the Due Process Clause. Because Petitioner's procedural due process claim is materially indistinguishable from those considered by the Court in *Bonilla Chicas* and in *Strunin* and because Respondents have failed to offer controlling precedent or reasoning that would justify reaching a different result in this case, the Court is unpersuaded to alter its prior analysis of the issue. In accordance with its prior analysis, the Court holds that because Petitioner is a noncitizen who previously entered the United States without inspection and has since established ties to the United

---

[2] In the interest of granting relief expeditiously, the Court will decline to resolve Petitioner's other claims including his claim that his detention pursuant to § 1225(b)(2) violates the TVPRA and violates his substantive due process rights because it can grant Petitioner's release on his procedural due process claim alone. (*See* Dkt. 24 at 35–27.) Petitioner may reassert his additional claims in the future should detention reoccur or should he suffer collateral consequences associated with his detention.

States through his residency, the Due Process Clause of the Fifth Amendment guarantees Petitioner an individualized assessment of his flight risk and dangerousness and an opportunity to respond prior to any redetention by ICE. This conclusion is further supported by the growing number of district courts that have likewise found that mandatory detention of noncitizens who have established a presence in the United States violates their procedural due process rights. *See, e.g.*, *Vieira v. De Anda-Ybarra*, 2025 WL 2937880, at *7 (W.D. Tex. Oct. 16, 2025); *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668, 687 (W.D. Tex. 2025) (collecting cases); *Hernandez-Fernandez v. Lyons*, 2025 WL 2976923, at *7 (W.D. Tex. Oct. 21, 2025); *Marceau v. Noem et al.*, 2026 WL 368953, at *2 (W.D. Tex. Feb. 9, 2026); *Clemente Ceballos v. Garite,* 3:26-cv-00312-DB, at *3 n. 2 (W.D. Tex. Feb 10, 2026); *Torres v. Hermosillo*, 2026 WL 145715, *5 (W.D. Wash. Jan. 20, 2026) (collecting cases); *Rincon v. Hyde*, 2025 WL 3122784, *2 (D. Mass. Nov. 7, 2025); *Mata Velasquez v. Kurzdorfer*, 794 F. Supp. 3d 128, 147, 151 (W.D.N.Y. 2025); *Rodriguez v. Bondi*, 3:26-cv-292 (W.D. Tex. Feb. 25, 2026).

Thus, the Court holds that because Petitioner's detention violates his rights under the Due Process Clause of the Fifth Amendment, he is entitled to equitable relief and that the appropriate remedy is Petitioner's immediate release from custody with additional safeguards against redetention.

## CONCLUSION

For the foregoing reasons, Petitioner's Amended Petition for Writ of Habeas Corpus, (Dkt. 24), is **GRANTED IN PART**. Respondents' Response to Amended Petition for Writ of Habeas Corpus, and Motion to Dismiss, or in the Alternative Motion for Summary Judgment, (Dkt. 26), is **DENIED**. Respondents' Response to Petition for Writ of Habeas Corpus, and Motion to

Dismiss, or in the Alternative Motion for Summary Judgment, (Dkt. 9), is **DENIED** as moot. All previous briefing deadlines are hereby **TERMINATED**.

1.      Respondents are **ORDERED** to **RELEASE** Petitioner from custody immediately, under conditions no more restrictive than those he was previously subject to prior to being redetained, and to submit a status report to the Court confirming Petitioner's release within 24 hours of the date of this Order.

2.      Respondents must return any and all identification documents and personal belongings taken from Petitioner at the time of apprehension or during detention.

3.      Respondents must notify Petitioner's counsel of the exact time and location of Petitioner's release **no less than three hours** prior to Petitioner's release from custody.

4.      If Petitioner is redetained pursuant 8 U.S.C. § 1225(b), all applicable regulations and procedures must be followed, including that Petitioner be afforded an individualized assessment of Petitioner's flight risk and dangerousness as guaranteed under the Due Process Clause of the Fifth Amendment.

IT IS SO ORDERED.

SIGNED this July 14, 2026.

_____
Diana Saldaña
United States District Judge